**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**

| | | |
|---|---|---|
| **HCB, LLC,** **Plaintiff,** v. **MUNISH KRISHAN, JEFFREY BARON, MANILA INDUSTRIES, INC., NETSPHERE, INC., and ONDOVA LIMITED CO., LLC, d/b/a COMPANA,** **Defendants.** | ) | **Civil No. 2006-207** |

**ATTORNEYS:**

**Tom Bolt, Esq.**
**A. Jennings Stone, Esq.**
St. Thomas, U.S.V.I.
*For HCB, LLC,*

**Michael L. Sheesley, Esq.**
**Kevin F. D'Amour, Esq.**
St. Thomas, U.S.V.I.
*For defendants Jeffrey Baron and Ondova Limited Co.,*

**Joel H. Holt, Esq.**
St. Croix, U.S.V.I.
*For defendants Munish Krishan, Manila Industries Inc., and Netsphere Inc.*

**MEMORANDUM OPINION AND ORDER**

**GÓMEZ, C.J.**

Before the Court is the motion of defendants Jeffrey Baron ("Baron") and Ondova Limited Co., d/b/a Compana ("Ondova") (collectively, the "Defendants") to dismiss the complaint of the plaintiff, HCB, LLC ("HBC"), for improper venue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a dispute involving several parties to a business transaction. The dispute has given rise to lawsuits involving the same parties in other federal courts.

HCB is a Delaware limited liability company with its principal place of business in St. Thomas, U.S. Virgin Islands. Defendant Munish Krishan ("Krishan") is a citizen of California. Defendant Jeffrey Baron is a citizen of Texas. Defendant Manila Industries, Inc. ("Manila") is a California corporation with its principal place of business in California. Defendant Netsphere, Inc. is a Michigan Corporation with its principal place of business in California. Ondova is a Nevada limited liability company.

According to HCB's complaint, Krishan is the president of Manila and Baron is the president of Ondova. HCB alleges that Manila and Ondova had a business relationship whereby Ondova registered Internet domain names on Manila's behalf. According to HCB, Manila generated revenue by licensing these domain names to advertisers. HCB alleges that in late 2005 it entered into negotiations with Krishan and Baron concerning a proposed business arrangement. The terms of this arrangement provided that Manila would assign its interest in the domain names to HCB. Simple Solutions, LLC ("Simple Solutions"), a Virgin Islands limited liability company, would enter into contracts as an agent

of HCB to generate advertising revenue. HCB further alleges that on or about December 30, 2005, Manila assigned to HCB approximately 529,000 domain names that Manila owned as of December 29, 2005.

According to HCB, Manila claims that it retains ownership of the domain names despite the assignment. HCB alleges that Ondova may retain some ownership of the domain names. Consequently, HCB commenced this action, seeking clarification of its rights and obligations under the business arrangement and its ownership rights in the domain names.

The Defendants raise several arguments in support of their motion to dismiss. One of those arguments is based on a forum selection clause in the contract between HCB and the Defendants. Because the forum selection clause is dispositive of this motion, the Court need not address the Defendants' other arguments.[1]

## II. ANALYSIS

Courts generally recognize the validity of forum selection clauses in fairly-negotiated contracts. *See Solomon v. Solomon*, 516 F.2d 1018, 1020 n.1 (3d Cir. 1975) (citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)). In the Virgin Islands, a forum selection clause is *prima facie* valid unless the

[1] The Defendants also argue that dismissal is appropriate pursuant to 28 U.S.C. § 1391, the doctrine of collateral estoppel, and principles of comity and the first-filed rule.

party contesting its application shows that (1) the forum selection clause was included in the contract as a result of fraud or overreaching; (2) enforcement would violate a strong public policy; or (3) enforcement would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 358 (3d Cir. 1986); *Local Towing, Inc. v. Comm'r of Pub. Works/Gov't of the V.I.*, Civ. No. 2003-087, 2003 U.S. Dist. LEXIS 24522, at *5 (D.V.I. Oct. 15, 2003); *Citibank, N.A. v. Chammah*, Civ. No. 145-1996, 2001 V.I. LEXIS 40, at *10-11 (Terr. Ct. Oct. 2, 2001).

The applicable scope of a forum selection clause is governed by general principles of contract law. *See John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997) ("The question of the scope of a forum selection clause is one of contract interpretation."). The first step in interpreting a forum selection clause is to look "to the text of the contract to determine whether it unambiguously states the parties' intentions." *Id.* at 1074 (citing *American Flint Glass Workers Union v. Beaumont Glass Co.*, 62 F.3d 574, 581 (3d Cir. 1995)). "To be 'unambiguous,' a contract clause must be reasonably capable of only one construction." *Id.* "In deciding whether contract language is unambiguous, a court not only asks whether the language is clear, but also hears the proffer of the parties

and determines if there are 'objective indicia that, from the linguistic reference point of the parties, the terms of the contract are susceptible of different meanings.'" *Id.* In the Third Circuit, a clause governing claims "related to" or "concerning" the parties' agreement applies to a broader range of claims than a clause governing claims "arising under" the agreement. *See John Wyeth*, 119 F.3d at 1074.

Here, the contract between HCB and the Defendants (the "Agreement"), contains a forum selection clause that provides:

> Any action *relating to* this Agreement and your rights, obligations, duties, and actions contemplated by this Agreement must be brought in the United States District Court for the Northern District of Texas or County Court in Dallas County Texas.

(Defs.' Mot. to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Br. in Supp., Exh. B to Exh. 1 at 8) (emphasis supplied).

The Agreement in this matter details the parties' rights and obligations with respect to the registration of domain names. The core dispute in this action - ownership of the domain names - arose out of the parties' relationship, which itself is manifested by the Agreement. That is precisely the type of dispute that relates to the Agreement. *See*, *e.g.*, *John Wyeth*, 119 F.3d at 1074 (explaining that "arising in relation to" is "extremely broad" and thus finding the appellant's "narrower interpretation . . . difficult to reconcile with the language of

the forum selection clause").[2] Therefore, the forum selection clause governs this action.

HCB argues that the Clause applies only to disputes arising from the Defendants' role as registrar of the domain names. HCB further argues that the dispute in this case arises from the Defendants' interests as putative owners of the domain names. Thus, contends HCB, the Clause is inapplicable in this case because the Defendants' role as registrar is not implicated. HCB's arguments are unpersuasive insofar as they fail to assert (1) that the forum selection clause was included fraudulently; (ii) that its enforcement would violate a strong public policy; or (iii) that enforcement would result in litigation in an unreasonably inconvenient jurisdiction. *See, e.g., Local Towing,*

---

[2] The Third Circuit analogized its interpretation of forum selection clause language to its interpretation of 28 U.S.C. § 1334(b), which states that a district court "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The Third Circuit held that:

> the reach of "related to" jurisdiction is extremely broad, extending to any action the outcome of which "could conceivably have any effect on the estate being administered in bankruptcy." More important, in comparing 28 U.S.C. § 1334(b) (which reaches claims "related to" cases under title 11) to the general removal statute, 28 U.S.C. § 1441(b) (which is limited to actions "arising under" federal law), we noted that the scope of "related to" jurisdiction is broader than the scope of "arising under" jurisdiction.

*John Wyeth & Brother Ltd.*, 119 F.3d at 1075 (internal citations omitted).

*Inc. v. Comm'r of Pub. Works/Gov't of the V.I.*, 2003 U.S. Dist. LEXIS 24522, at *6-7 (noting that the plaintiff did "not claim that the clause was obtained by fraud or coercion [or] that trying the case in the Virgin Islands [would] be inconvenient to it"); *cf. Magla Prods., LLC v. Chambers*, Civ. No. 06-115, 2006 U.S. Dist. LEXIS 71246, at *8-9 (D.N.J. Sept. 29, 2006) (considering the defendants' argument that the forum selection clause was procured through fraud).

For the reasons stated above, it is hereby

**ORDERED** that the motion is **GRANTED**; it is further

**ORDERED** that this matter is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**Dated: December 21, 2007**

**S_______________________**
**CURTIS V. GÓMEZ**
**Chief Judge**

copy: Hon. Geoffrey W. Barnard
Tom Bolt, Esq.
A. Jennings Stone, Esq.
Michael L. Sheesley, Esq.
Kevin F. D'Amour, Esq.
Joel H. Holt, Esq.
Carol C. Jackson
Lydia Trotman
Claudette Donovan
Olga Schneider
Gregory Laufer